IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:26-cv-00076-SCR-WCM

| | | |
|---|---|---|
| SATURRAAB HERUSABA and NEFERA HERUSABA, *on behalf of themselves and their minor children,* T.H, A.H, and T.S., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | MEMORANDUM AND RECOMMENDATION |
| v. | ) ) | |
| HEARTS FOR THE INVISIBLE CHARLOTTE COALITION; THE CHARLOTTE-MECKLENBURG CONTINUUM OF CARE; MECKLENBURG COUNTY; JESSICA LEFKOWTIZ, *in her official and individual capacity*; JANE/JOHN DOE, a/k/a Torry, in their individual and official capacity; ATRIUM HEALTH; JANE DOE 1 (a/k/a "SUE"), *Clinical Care Manager at Atrium Health Concord, in her individual and official capacity*; JANE DOE 2 (a/k/a Laura McF), *nurse administrator at Atrium Health, in her individual and official capacity*; JANE DOE 3 (a/k/a "Chrissy") *of Atrium Health University City, in her individual and official capacity*; JANE DOE 4 (a/k/a Nurse Manager "Cabriski") *of Atrium Health University City, in her individual and official capacity*; JANE DOE 5 (a/k/a/ "CC"-Nurse) *of Atrium Health University City, in her individual and official capacity*; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

1

JOHN DOE 1 (a/k/a Officer G. Smith) )
*of Atrium Health University City* )
*Security, in his individual* )
*and official capacity;* )
JANE DOE 6 )
(a/k/a "Nhim, Mon", "Mon, Nhim") )
*of Atrium Health University City* )
*Security, in her individual* )
*and official capacity,* )
)
Defendants. )
_____ )

This matter is before the Court on "Plaintiffs' Motion to Remand, Opposition to Defendant's Motion for Extension of Time, and to Impose Sanctions" (the "Motion to Remand," Doc. 4), which has been referred to the undersigned for the entry of a recommendation pursuant to 28 U.S.C. § 636.

## I.    Relevant Procedural Background

On December 19, 2025, Plaintiffs, proceeding *pro se*, filed a complaint in the Superior Court of Mecklenburg County, North Carolina against Hearts for the Invisible Charlotte Coalition, The Charlotte-Mecklenburg Continuum of Care, Mecklenburg County, Jessice Lefkowitz, and Jane/John Doe (a/k/a "Torrey"). Doc. 1-9 at 10. Plaintiffs alleged that the Superior Court had concurrent jurisdiction over "Plaintiffs' federal claims arising under the Fair Housing Act." Id. at 13.

On December 23, 2025, Plaintiffs filed an Amended Complaint that named additional defendants. Doc. 1-1 at 16. Plaintiffs again asserted that the

Superior Court had concurrent jurisdiction over "Plaintiffs' federal claims arising under the Fair Housing Act." Id. at 20.

On January 28, 2026, Hearts for the Invisible Charlotte Coalition and Jessica Lefkowitz (the "Removing Defendants") removed the case, contending that this Court could exercise original jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs' First Cause of Action asserts a federal claim for alleged violations of The Fair Housing Act, 42 U.S.C. § 3601, et seq. and also because Plaintiffs claim that Defendants violated Title VI of the Civil Rights Act of 1964, as amended 1991, ("Title VI") 42 U.S.C.A. § 2000d, et seq and 24 C.F.R. § 576, as amended 2023, et seq.. Doc. 1 at 2.

On February 27, 2026, Plaintiffs filed the Motion to Remand. Doc. 4. The Removing Defendants have responded, Doc. 9, and Plaintiffs have replied. Doc. 14.[1]

## II.     Legal Standard

A defendant may remove from state court any civil action over which federal courts have original jurisdiction. 28 U.S.C. § 1441(a). Removal, though, is not favored, and therefore courts construe removal jurisdiction strictly "in light of the federalism concerns inherent in that form of federal jurisdiction." In re Blackwater Security Consulting, LLC, 460 F.3d 576, 583 (4th Cir.2006),

---

[1] Hearts for the Invisible Charlotte Coalition, Jessica Lefkowtiz, and Mecklenburg County have also filed Motions to Dismiss. Docs. 7, 10.

*cert. denied,* 549 U.S. 1260, 127 S.Ct. 1381, 167 L.Ed.2d 174 (2007). The party seeking removal bears the burden of demonstrating that federal jurisdiction may be exercised. Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir.1994).

### III. Discussion

#### A. The Motion to Remand

A notice of removal of a civil action from state court must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b). The Supreme Court has held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, *but not by mere receipt of the complaint unattended by any formal service*." Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-348 (1999) (emphasis added).

After Murphy Brothers, "numerous courts have recognized that the relevant date for gauging timeliness of removal is the date on which proper service was effected, or the date on which objections to the sufficiency of process or service of process are [waived]." Lee v. Pineapple Mgmt. Servs., Inc., 241 F. Supp. 2d 690, 693, n. 6 (S.D. Miss. 2002) (collecting cases); see also U.S. Bank

4

Tr. Nat'l Ass'n as Tr. of Cabana Series III Tr. v. Haring, No. 5:19-CV-00088, 2020 WL 5531492, at *2 (W.D. Va. Sept. 8, 2020) ("Absent the defendant's waiver of service or consent to personal jurisdiction in state court, however, the 30-day removal period cannot start before the plaintiff has properly served the defendant with a summons and copy of the complaint."); King v. United Way of Cent. Carolinas, Inc., No. CIV 3:09CV164, 2009 WL 2426303, at *3 (W.D.N.C. Aug. 5, 2009) ("Although it is without question that a defendant may be deemed to have waived his right to remove an action under § 1446 by failing to act within thirty days from service of the complaint, the fact that this time period had not yet begun to run does not prohibit the defendant from exercising his right to remove.").

Here, Plaintiffs contend that remand is required because the removal of the case was untimely.[2] In doing so, they make multiple arguments.

### 1. Deadline Based Upon Service

"Sufficiency of service of process for purposes of fixing the thirty day time limit for removal is determined according to state law." Bennett v. Stonebridge Life Ins. Co., No. 3:05CV243-MU, 2005 WL 8174203, at *1 (W.D.N.C. Aug. 24, 2005) (citing Murphy Bros., 526 U.S. at, 351-54).

---

[2] Plaintiffs do not contest that the Court has original federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5

Rule 4(j) of the North Carolina Rules of Civil Procedure provides that a natural person may be served by a variety of methods, including delivering a copy of the summons and complaint to the person or by leaving copies at the person's dwelling house or usual place of abode with some other person of suitable age and discretion residing therein, delivering a copy of the summons and complaint to an authorized agent, using registered or certified mail, using a designated delivery service, or mailing a copy of the summons and complaint by signature confirmation as provided by the United States Postal Service. N.C. Gen. Stat. Ann. 1A-1, 4(j)(1)(a)-(e).

The Rule further provides that service upon a domestic or foreign corporation may be made:

> a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office.
>
> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
>
> c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b.
>
> d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer,

6

director, or agent to be served as specified in paragraphs a. and b., delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.

N.C. Gen. Stat. Ann. 1A-1, 4(j)(6).

Service upon a partnership or other unincorporated association may be made through similar means. N.C. Gen. Stat. Ann. 1A-1, 4(j)(7) – 4(j)(8).

The burden of establishing proper service of process rests with the plaintiff. See Corbett v. Noosa Pest Mgmt., LLC, No. 3:22-CV-460-MOC-WCM, 2023 WL 8421096, at *5 (W.D.N.C. Dec. 4, 2023).

In this case, the Removing Defendants filed the Notice of Removal on January 28, 2026. Consequently, that removal was untimely if the Removing Defendants were served before December 29, 2025.

### a. Service on December 19 or December 23, 2025

Plaintiffs state that they "transmitted the initial Verified Complaint, Ex Parte Temporary Restraining and Preliminary Injunction, and other initial filings" to defense counsel on December 19, 2025. Doc. 4 at 7. Plaintiffs have submitted a copy of a December 19, 2025 email that supports this position. Doc. 4-4 at 3.

Plaintiffs also state that, on December 23, 2025, they served a First Amended Complaint upon "the Defendant." Doc. 4 at 7. They have not provided a copy of any cover correspondence confirming that service.

But regardless, simply transmitting a complaint and summons to defense counsel by email is not proper service. <u>See</u> <u>Ospina v. Griesinger Assocs.</u>, Inc., No. 3:20-CV-089-RJC-DCK, 2021 WL 510627, at *8 (W.D.N.C. Feb. 11, 2021), report and recommendation adopted, No. 3:20-CV-00089-RJC-DCK, 2022 WL 18739 (W.D.N.C. Jan. 3, 2022) ("Plaintiff's service by email is not a method laid out in Rule 4(e) of the Federal Rules of Civil Procedure, and it is also not one of the methods prescribed by the North Carolina statute at N.C.G.S. § 4(j)…"); <u>see also</u> Asanov <u>v. Plekan</u>, No. 5:23-CV-00310-M-KS, 2024 WL 987570, at *3 (E.D.N.C. Mar. 7, 2024) ("an email from a plaintiff to a defendant stating that the defendant has "been served" does not suffice to establish service of process because "[u]nless service is waived, proof of service must be made to the court," and 'must be by the server's affidavit.'") (citing Fed. R. Civ. P. 4(l)(1)).

### b. Service on December 31, 2025

At another point in their filings, Plaintiffs assert that they served "the Summons and Complaint" on the Removing Defendants on December 31, 2025. Doc. 4 at 8. It is not clear whether Plaintiffs are referring to the original Complaint or the Amended Complaint, but in any event, if the Removing Defendants were first served on December 31, 2025, the removal on January 28, 2026 was timely.

### 2. Deadline Based Upon Acceptance of Service

Plaintiffs have submitted additional email correspondence indicating that defense counsel was willing to accept service of the original Complaint on behalf of the Removing Defendants. <u>See</u> Doc. 4-4 at 3 & 4.

However, Plaintiffs have provided no information showing that counsel for the Removing Defendants *actually accepted* service of either the original Complaint or the Amended Complaint and summonses. <u>See</u> Doc. 4-4 at 3 ("[a]s indicated before, we are willing to accept service on behalf of our client; please let me know if this is something you are interested in") and at 4 (indicating that counsel had not "received an acceptance of service document from [Plaintiffs] to sign").

### 3. Deadline Based Upon Appearance

Plaintiffs also assert that counsel for the Removing Defendants made a general appearance in state court on January 4, 2026 and that this appearance started the removal clock. Doc. 4 at 8.

The Removing Defendants concede that they made a "voluntary appearance" on January 4, 2026. Doc. 9 at 4.

"Under North Carolina law, 'a general appearance is one whereby the defendant submits his person to the jurisdiction of the court by invoking the judgment of the court in any manner on any question other than that of the jurisdiction of the court over his person.'" <u>Southwood v. Credit Card Sol.</u>, No.

7:09-CV-81-F, 2012 WL 12895545, at *18 (E.D.N.C. Oct. 23, 2012) (quoting Swenson v. Thibaut, 39 N.C. App. 77, 89, 250 S.E.2d 279, 287-88 (1978) (quoting In re Blalock, 233 N.C. 493, 504, 64 S.E.2d 848, 856 (1951)); N.C.G.S. 1-75.7 ("A court of this State having jurisdiction of the subject matter may, without serving a summons upon him, exercise jurisdiction in an action over a person: (1) Who makes a general appearance in an action; provided, that obtaining an extension of time within which to answer or otherwise plead shall not be considered a general appearance.").

There is some support for the proposition that a general appearance in state court may, in the absence of service of the summons and complaint, trigger the 30-day removal period. See e.g., Berry v. Toywatch S.p.A., No. LA CV 13-05428 JAK (CWx), 2013 WL 12131761, at *5 (C.D. Cal. Oct. 24, 2013) ("if a plaintiff fails properly to serve a Summons and Complaint, the 30-day period for removal under 28 U.S.C. § 1446 is triggered on the date that the defendant first makes a general appearance in the matter."); Vertex Energy Operating, LLC v. Penthol LLC, No. 4:20-CV-3901, 2021 WL 4538484, at *2 (S.D. Tex. Jan. 29, 2021) (finding that the 30-day removal clock began on the date defendant made a general appearance).

However, even assuming that the Removing Defendants' window for removing the case opened on January 4, 2026, their removal on January 28, 2026 was timely (as it occurred less than 30 days after January 4).

Based on this record, the undersigned is not persuaded that removal of this matter was untimely.

### B. Plaintiffs' Opposition to the Removing Defendants' Motion for Extension

On February 4, 2026, the Removing Defendants filed a Motion for Extension of Time, seeking an extension through and including March 6, 2026 to answer or otherwise respond to Plaintiffs' Complaint. Doc. 3. That request was granted by text-only order the same day.

Plaintiffs appear to take issue with the Removing Defendants' filing of the Motion for Extension of Time prior to receiving Plaintiffs' position on the request. However, pursuant to Local Civil Rule 7.1(b), consultation is not required for a motion for extension of time "to file a responsive pleading to a complaint…" or "where the moving party is represented and the non-moving party is unrepresented."

### C. Plaintiffs' Request for Sanctions

On the current record, including as discussed above, the undersigned finds that Plaintiffs have stated no basis for the imposition of sanctions.

## IV. Recommendation

The undersigned **RESPECTFULLY RECOMMENDS** that "Plaintiffs' Motion to Remand, Opposition to Defendant's Motion for Extension of Time, and to Impose Sanctions" (Doc. 4) be **DENIED**.[3]

Signed: May 7, 2026

W. Carleton Metcalf
United States Magistrate Judge

---

[3] If this recommendation is accepted, the undersigned intends to deny Plaintiffs' "Cross-Motion for a Stay of Proceedings Pending Jurisdictional Determination" (Doc. 12) as moot and proceed to consider the Motions to Dismiss filed by Hearts for the Invisible Charlotte Coalition and Jessica Lefkowitz (Doc. 7) and Mecklenburg County (Doc.10).

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Case 3:26-cv-00076-SCR-WCM    Document 26    Filed 05/07/26    Page 13 of 13